**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LLOYD GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00022-AGF |
| | ) | |
| CAPE GIRARDEAU CITY POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Lloyd Gilmore's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claim against Cape Girardeau City, as well as the official capacity claims against Blake Leadbetter and Nicholas Mayberry. However, the Court will direct the Clerk of Court to issue process on Leadbetter and Mayberry in their individual capacities as to plaintiff's claims of excessive force.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On February 23, 2022, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming the Cape Girardeau City Police, Blake Leadbetter, and Nicholas Mayberry as defendants. (Docket No. 1). Plaintiff alleged that Officer Leadbetter and Officer Mayberry used excessive force against him during the course of his arrest. In particular,

he accused Officer Leadbetter of tasering him twenty times, and Officer Mayberry of punching him while he was in restraints. Officers Leadbetter and Mayberry were sued in their official capacities only.

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On May 23, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 6). Because plaintiff was proceeding in forma pauperis, the Court reviewed the complaint under 28 U.S.C. § 1915. Pursuant to that review, the Court determined that plaintiff's complaint was subject to dismissal for three reasons. First, plaintiff named the Cape Girardeau City Police as a defendant, but police departments are not suable entities. Second, he had not stated official capacity claims against Officers Leadbetter and Mayberry, as he had not established the liability of Cape Girardeau itself, their employer. Finally, even if plaintiff had sued the officers in their individual capacities, the Court noted that he had not presented any facts demonstrating that the officers' use of force was unreasonable.

Rather than dismissing the case, the Court ordered plaintiff to file an amended complaint and included instructions on how to do so. The Court received plaintiff's amended complaint on June 17, 2022. (Docket No. 9). The Court will treat the amended complaint as the operative pleading. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

**The Amended Complaint**

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, naming Cape Girardeau City, Blake Leadbetter, and Nicholas Mayberry as defendants. (Docket No. 9 at 2-3). Officer Leadbetter and Officer Mayberry are sued in both their official and individual capacities.

3

As before, plaintiff's amended complaint contains allegations of excessive force during the course of his arrest.

In the "Statement of Claim," plaintiff asserts that Officer Leadbetter used a taser on him twenty times "while [he] was helpless in handcuffs" and in leg shackles. (Docket No. 9 at 3-4). He further states that he was completely "compliant with the officer[']s commands," that he posed "no threat" to Officer Leadbetter "in any way," and that Leadbetter used the force "for no reason at all." (Docket No. 9 at 4). Plaintiff notes that he has the video of this encounter in his possession.

With regard to Officer Mayberry, plaintiff alleges that Mayberry "punched [him] repeatedly while [he] was in handcuffs and leg shackles." As with Officer Leadbetter, plaintiff contends that he "was not resisting arrest," that he was completely "compliant" when Officer Mayberry punched him, and that he posed "no threat" to Mayberry "in any way."

As to Cape Girardeau City, plaintiff accuses the city of hiring both Officer Leadbetter and Officer Mayberry. (Docket No. 9 at 3). He goes on to state that Officer Leadbetter used a taser on him twenty times while he was in handcuffs and leg shackles, while Officer Mayberry punched him repeatedly while restrained in handcuffs and leg shackles. During this encounter, plaintiff asserts that he was not resisting arrest and was "fully compliant."

Concerning his injuries, plaintiff refers the Court to a "Medical Progress Note" he has attached to the amended complaint. (Docket No. 9 at 4, 11). The Medical Progress Note remarks upon "taze marks on [plaintiff's] back," broken skin throughout his back and both arms, a swollen left ankle, and a break in the skin of his right elbow. (Docket No. 9 at 11). Based on these injuries, plaintiff is seeking $50 million in damages. (Docket No. 9 at 5).

4

**Discussion**

Plaintiff is a self-represented litigant who brings this amended complaint pursuant to 42 U.S.C. § 1983, alleging that Cape Girardeau City police officers used excessive force against him. Because he is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claim against Cape Girardeau City, as well as the official capacity claims against Blake Leadbetter and Nicholas Mayberry. However, the Court will direct the Clerk of Court to issue process on Leadbetter and Mayberry in their individual capacities as to plaintiff's claims of excessive force.

**A. Cape Girardeau City**

Plaintiff has named Cape Girardeau City as a defendant. A local governing body such as Cape Girardeau may be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Cape Girardeau.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal

official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate

6

indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented facts supporting the proposition that Cape Girardeau City violated his constitutional rights due to an unconstitutional policy or custom, or a deliberately indifferent failure to train or supervise.

First, as to policy, plaintiff does not refer to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Cape Girardeau City's] governing body." Certainly, he has not alleged that excessive force was used against him due to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Instead, plaintiff's facts recount the actions of two individual police officers on a single occasion. The Court, however, cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, with regard to custom, plaintiff has not demonstrated the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Cape Girardeau City employees, much less that policymaking officials were deliberately indifferent to or tacitly

7

authorized such misconduct. To the contrary, as noted above, plaintiff's facts describe a single instance of excessive force committed by two individual officers. A single occurrence cannot constitute a pattern.

Third, concerning a failure to train, plaintiff has not established that Cape Girardeau City was deliberately indifferent. In order to demonstrate deliberate indifference, he must show that Cape Girardeau "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." This is typically done via allegations of a "pattern of similar constitutional violations by untrained employees." Here, plaintiff has not established the requisite pattern, and has therefore failed to show that Cape Girardeau had notice of any constitutionally inadequate procedures related to training or supervision.

Rather than presenting facts regarding a policy, custom, or failure to train, plaintiff seeks to hold Cape Girardeau City liable on the basis of respondeat superior. Specifically, he alleges that the city "hired Nicholas Mayberry [and] Blake Leadbetter as police officers," and that they subsequently used excessive force against him. A municipality, however, cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"). *See also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior").

For all of these reasons, plaintiff has failed to demonstrate the liability of Cape Girardeau City for violating his constitutional rights. Therefore, the claim against Cape Girardeau must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's

dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Official Capacity Claims Against Leadbetter and Mayberry

Plaintiff has sued Officer Leadbetter and Officer Mayberry in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, both Officer Leadbetter and Officer Mayberry are alleged to be employed by the Cape Girardeau City Police Department. As such, the official capacity claims against them are treated as being made against Cape Girardeau City itself, their employer. To prevail, plaintiff must establish the city's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. However, as discussed at length above, plaintiff has not adequately alleged a municipal liability claim against Cape Girardeau. Therefore, the official capacity claims against Officers Leadbetter and Mayberry must be dismissed.

### C. Individual Capacity Claims Against Officer Leadbetter and Officer Mayberry

Plaintiff has also sued Officer Leadbetter and Officer Mayberry in their individual capacities, alleging that they used excessive force against him during his arrest. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). Furthermore, "when a person is subdued and restrained with handcuffs, a gratuitous and completely unnecessary act of violence is unreasonable and violates the Fourth Amendment." *Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014).

In this case, plaintiff states that Officer Leadbetter used a taser against him twenty times, and that Officer Mayberry punched him repeatedly. He alleges that this force was used against him while he was in both handcuffs and leg shackles. In addition, plaintiff asserts that he was "not resisting arrest," that he was "fully compliant" with commands, that he posed no threat, and that the officers used this force for no reason.

The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on Officer Leadbetter and Officer Mayberry in their individual capacities as to plaintiff's claims of excessive force.

The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the amended complaint. This is not a determination of the merits of his claim or potential defenses thereto.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claim against defendant Cape Girardeau City and the official capacity claims against defendants Blake Leadbetter and Nicholas Mayberry are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Blake Leadbetter and Nicholas Mayberry in their individual capacities as to plaintiff's claims of excessive force.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 23rd day of June 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE