UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00022-AGF |
| | ) |
| CAPE GIRARDEAU CITY POLICE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

The matter is before on Plaintiff's motion (ECF No. 122) to strike Defendants' affirmative defenses raised in paragraphs 38 and 39 of their answer.  For the reasons set forth below, the Court will grant the motion in part (as to paragraph 38) and deny it in part (as to paragraph 39).

## **BACKGROUND**

Plaintiff initially filed this action pro se but is now represented by counsel.  In his complaint, he seeks compensatory damages under 42 U.S.C. § 1983, arguing that Defendants Nicholas Mayberry and Tanner Hiett, in their individual capacities, used excessive force in effectuating Plaintiff's arrest, in violation of the Fourth and Fourteenth Amendments.

The two affirmative defenses at issue are based on the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1977.  Specifically, paragraph 38 of Defendants' answer alleges: "Without waiving the general denial herein, Defendants state that Plaintiff's claims are barred and should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by state law, federal law, and the [PLRA], including, but not limited to, 42 U.S.C. § 1997e(a)."  ECF No. 121 at ¶ 38.

Paragraph 39 alleges: "Without waiving the general denial herein, Defendants state that Plaintiff's claims for mental or emotional injury are barred and should be dismissed because Plaintiff failed to make a prior showing of physical injury as required by the [PLRA], including, but not limited to, 42 U.S.C. § 1997e(e)." *Id.* at ¶ 39.

In his motion to strike, Plaintiff argues that the PLRA does not apply because his claims against Defendants challenge only a pre-incarceration arrest unrelated to any subsequent incarceration and are, therefore, excluded from the scope of the PLRA.

Defendants have not opposed the motion to strike paragraph 38, based on the PLRA's exhaustion requirement under section 1997e(a). Defendants concede that they were "unable to locate any caselaw supporting the application of section 1997e(a) to the claims being asserted by Plaintiff in this action." ECF No. 124 at 2.

However, Defendants maintain that the affirmative defense in paragraph 39, based on section 1997e(e) of the PLRA, does apply to Plaintiff's claims. Defendants argue that because Plaintiff was under arrest at the time of the alleged constitutional violation, he was in "custody" for the purpose of section 1997e(e), and because Plaintiff was also in custody (pretrial detention) at the time he filed his initial complaint, his claims for compensation for mental and emotional injuries should be subject to section 1997e(e)'s physical injury requirement. Therefore, Defendants oppose the motion to strike paragraph 39.

In reply, Plaintiff contends that the "application of 42 U.S.C. § 1997e(e) to street arrests is admittedly an open question in the Eighth Circuit," but that the Court should strike the affirmative defense based on this section because the plain terms of the PLRA only apply

2

persons incarcerated or detained in prison (and not merely under arrest) at the time of the alleged constitutional violation.

## DISCUSSION

"Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citation omitted). When faced with a motion to strike affirmative defenses, courts should deny the motion "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Id.* (citation omitted).

As Defendants do not oppose the striking of paragraph 38, the Court will grant Plaintiff's motion to strike this paragraph. However, with respect to paragraph 39, the Court finds that the defense presents a question of law which this Court should hear. Section 1997e(e) of the PLRA states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

42 U.S. Code § 1997e(e). As Plaintiff correctly notes, the Eighth Circuit has not addressed whether 1997e(e) applies to persons solely challenging the constitutionality of a pre-incarceration arrest. And the caselaw from other circuits is not so clear as to warrant striking of the defense. Indeed, at least one circuit has recognized the defense in this context. *See, e.g.*, *Napier v. Preslicka*, 314 F.3d 528, 53-332 (11th Cir. 2002) (holding that section 1997e(e) applies to injuries "suffered during the arrest of an individual on a charge unrelated to the present confinement" because such an individual was in custody "using the *Miranda* construct, at the moment that a reasonable person in his situation would feel

3

unable to leave."), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (holding that the PLRA permits punitive damages absent showing of physical injury). Therefore, the Court declines to strike paragraph 39.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike affirmative defenses is **GRANTED in part and DENIED in part**. ECF No. 122. The motion is **GRANTED** as to paragraph 38 of Defendants' Answer and **DENIED** as to paragraph 39.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2025.