UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LLOYD GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00022-AGF |
| | ) | |
| CAPE GIRARDEAU CITY POLICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER RELATING TO TRIAL AND RE-REFERRING TO ADR

Upon review of the parties' joint status report (ECF No. 132),

**IT IS HEREBY ORDERED** that:

(a)   Re-Referral to ADR: This case is re-referred to:  **Mediation**.

(b)   Conduct of ADR Conference(s): The ADR conference(s) shall be conducted in accordance with the procedures outlined in E.D.Mo. L.R. 6.01 - 6.05.

(c)   Scheduling ADR Conference(s): The ADR conference(s) shall be concluded before **October 3, 2025**, unless extended by order of the Court.  Although ADR conferences may be conducted at any location agreed to by the parties, counsel, and the assigned neutral, the parties are advised that such conferences may be conducted in designated space in the United States District Court, 111 South 10th Street, St. Louis, Missouri, and United States District Court, 555 Independence Street, Cape Girardeau, Missouri, by making arrangements with the Office of the Clerk.

(d)   General Rules Governing ADR Conference(s): The ADR procedures are defined and the process shall be conducted in accordance with E.D.Mo. L.R. 6.01-6.05. The following Orders are entered in this matter:

(1)    Designation of Lead Counsel:    **Matt Vigil** is designated as lead counsel and shall be responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference.

(2)    Responsibilities of Lead Counsel: Not later than **August 25, 2025**,  lead counsel shall notify the clerk of the agreed choice of neutral selected by the parties and the date, time and location of the initial ADR Conference (see Designation of Neutral/ADR Conference Report form, <www.moed.uscourts.gov>, ADR, forms). Upon selection of the neutral, lead counsel shall send a copy of this order to the neutral.

(3)    Authority of the Neutral: The neutral shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals, to suggest alternatives, analyze issues and positions, question perceptions, stimulate negotiations, and keep order.

(4)    Compliance with Deadlines: All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties.

(e)    Local Rule 6.02 – Duties of Participants: Counsel for all parties is directed to review

E.D.Mo. Local Rule 6.02 in its entirety.  The Court specifically notes the General Attendance

Requirements as set forth below:

(1)    Attendance and Participation: All named parties and their counsel are required to attend the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under this Rule. The attendance requirement is satisfied by appearing in person or by video conference, unless in-person attendance is Ordered by the Court or required by the neutral. Unless excused by the neutral for good cause shown, when appearing by video conference, persons must be visibly present in front of their camera with audio and video turned on so that audio and visual interaction with all parties can occur.

(2)    Disclosure of Participants and Manner of Attendance:  Not later than fourteen (14) days prior to the ADR Conference, each party will provide to all parties, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure.  This list shall state the names of the individuals attending and their general job titles and shall state whether each person is attending in person or by videoconference.

(3)    Contesting Attendance: Any party contesting the manner of attendance listed in

another party's disclosure, or the lack of attendance by any party who would be necessary in any way to achieve settlement, must inform the neutral in writing of their contest, simultaneously copying all counsel, no fewer than ten (10) days prior to the date set for the conference. The neutral may contact the parties and attempt to resolve the contest but must make a final determination in writing to all parties on attendance requirements no fewer than seven (7) days prior to the date set for the conference.  The neutral may allow attendance by videoconference, require in-person attendance, or excuse attendance. Any party contesting any attendance determination by the neutral may file a motion with the Court no fewer than four (4) days prior to the date set for the conference, stating the reasons for the objection to the neutral's determination and providing alternatives for attendance compliance. The Court may Order attendance by videoconference, in-person attendance, or excuse attendance; or the Court may enter any other appropriate Order necessary for the attendance of the parties.  On its own authority, the Court may alter the deadlines set forth this in section.

**IT IS FURTHER ORDERED** that this action is set for a **JURY** trial on **Tuesday, December 9, 2025**, at **9:00 AM**.  This is a **two** week docket. This action is currently scheduled for trial in the **Southeastern Division (Cape Girardeau)**.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.      **Stipulation**:  Meet and jointly prepare and file with the Court a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.      **Witnesses**:

(a)      Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)      Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.      **Exhibits**:

(a)      Mark for identification all exhibits to be offered in evidence at the trial (plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pl.-1, Def.-A, or Pl. Jones-1, Def. Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate

the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4.     **Depositions, Interrogatory Answers, and Request for Admissions**:

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answers, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5.     **Instructions**:  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.).

6.     **Trial Brief**:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7.     **Motions in Limine**:  File all motions in limine to exclude evidence at least fourteen (14) days before trial.  Responses shall be filed at least seven (7) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.  Except as set forth above, the prior Case Management Order shall remain in

effect.

     **IT IS FURTHER ORDERED** that the Court will set a final pretrial conference

by separate Order.


                                      _____

                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2025.